[Civ. No. 111.   First Appellate District.—December 19, 1905.]

# W. W. GILLESPIE, Respondent, v. ROSALIO SALMON, Appellant.

PARTNERSHIP—NOTES FOR BORROWED MONEY—PAYMENT BY ONE PART-
NER—INEFFECTIVE ASSIGNMENT.—When a copartnership firm bor-
rowed money from a sister of one of the copartners, and gave to
her notes therefor signed by the members of the firm, her brother
being one of the makers, and he took up the notes and took an
assignment thereof from his sister, the notes having been paid
to her, nothing remained due to her, and nothing passed by her
assignment to one of the makers.

ID.—RIGHTS OF PARTNER TAKING UP NOTES—REMEDY BY ACCOUNTING
AND SETTLEMENT OF PARTNERSHIP.—The partner who took up the
notes of the firm became a creditor of the partnership, but could not
sue his copartners at law to recover their share of the debt. His
only remedy is by an accounting and settlement of the partnership
affairs, in which the partnership assets must be first exhausted, and
if they prove insufficient to pay plaintiff, he might have a personal
judgment against his copartners.

ID.—FRAUDULENT PROCEDURE—MISREPRESENTATION—NEW NOTES WITH-
OUT CONSIDERATION.—Where the partner who took up the original
notes, and took an assignment thereof, fraudulently represented to
his copartners that his sister had employed an attorney to enforce
her notes, and that he had given her a note for his share, and in-
duced them to give her notes for their shares, which she afterward
indorsed to him, such notes were obtained by fraud and without
consideration, and cannot be enforced by him against a copartner.

ID.—ACTION UPON NEW NOTES—ERROR IN REFUSING INSTRUCTION.—In
an action upon such new notes, it was error to refuse to instruct
the jury that if nothing was owing to plaintiff's assignor when the
new notes were taken, on account of what had been loaned to her,
because she had been fully paid, the verdict should be for the de-
fendant.

ID.—ERROR IN EXCLUDING EVIDENCE—TIME AND PLACE OF INDORSEMENT
—CROSS-EXAMINATION.—Where the plaintiff had testified in chief
that the indorsement on the notes in suit was in his sister's hand-
writing, it was error to disallow a question on cross-examination
as to when and where each of the notes was indorsed.

APPEAL from a judgment of the Superior Court of the
City and County of San Francisco. Frank H. Kerrigan,
Judge.

The facts are stated in the opinion of the court.

J. J. Burt, for Appellant.

Campbell, Metson & Campbell, for Respondent.

COOPER, J.—This action was brought by plaintiff, as assignee of one Maggie Gillespie, to recover upon six promissory notes, amounting to $581.28, besides interest. The jury returned a verdict in favor of plaintiff, upon which judgment was accordingly entered. This appeal is from the judgment on the judgment-roll and a bill of exceptions.

The defendant alleged in his answer, and contended at the trial, that the promissory notes were made under false and fraudulent representations, without consideration, and that they were never delivered to or owned by Maggie Gillespie, the alleged assignor. As the merits of the case depend upon the question as to whether or not the contentions of defendant are well founded, we will not discuss the questions raised as to the pleadings and other rulings of the court on the admission or rejection of evidence during the trial. The evidence shows substantially the following facts: Maggie Gillespie, the alleged assignor, is a sister of the plaintiff, and a sister in law of the defendant, who married the sister of plaintiff, and Maggie Gillespie. The plaintiff, defendant, and one MacCurdy, entered into a copartnership in January, 1893, for the purpose of editing and publishing a newspaper in San Jose, California, known as "The Daily Record," which partnership continued up to the early part of June, 1894, when it was dissolved. During the continuance of the partnership the enterprise did not pay expenses, but ran behind each and every month. In order to get money to pay the shortage the plaintiff, with the consent of his copartners, borrowed money for the use of the copartnership from time to time from Maggie Gillespie, the dates and amounts being as follows: June 3, 1893, $100; June 9, $200; July 22, $100; July 25, $200; October 17, $125; November 25, $50; April 16, 1894, $105, making in all $930. For the above amounts the partnership notes were given to Maggie Gillespie, signed by the partners, all bearing interest at the rate of eight per cent per annum. These notes were never paid by the copartnership, but were all taken up and paid by plaintiff prior to May 1, 1897, and upon payment were assigned by Maggie Gillespie to plaintiff. After May 1, 1897, there was no fur-

ther indebtedness to Maggie Gillespie from the copartnership or from plaintiff, and plaintiff became the owner of the partnership notes so assigned to him. Plaintiff tried to get the defendant to pay his portion of the notes, but did not succeed in doing so. He then employed a firm of attorneys for the purpose of collecting from defendant the amount claimed by plaintiff to be due him from defendant. Maggie Gillespie did not employ or know anything about the employment of the attorneys, as she had no further interest in the matter. On June 1, 1897, the attorneys so employed by plaintiff wrote to defendant the following letter: "June 1st, 1897. R. Salmon, Esq., c/o California World, No. 623 Montgomery street, City—Dear Sir: Miss Maggie Gillespie has presented some notes to us long since over due, and one of which outlaws on the 3rd of June. The notes are signed by R. S. Salmon and W. W. Gillespie in part, and by R. Salmon, W. H. MacCurdy and W. W. Gillespie in part, The amounts are: $100; $200; $100; and $200; $125, $50, and $105. The amount due from you upon the whole up to the present time is $571.04. If you will give a new note for that amount we will extend the time. Mr. W. W. Gillespie proposes to do this with regard to his share, in order to avoid suit. By calling at our office tomorrow morning before 12 o'clock you will save yourself the trouble and expense of being sued."

Defendant was ignorant of the fact that plaintiff had paid Maggie Gillespie, and believed that the partnership notes were still held by her, and that she had employed the firm of attorneys to collect them, as stated in the letter. In compliance with the request contained in the letter, defendant went to the office of the attorneys, and was again told by them that Maggie Gillespie had employed them to collect the partnership notes, and that plaintiff had given a note for his portion, which note was shown to defendant. The statements so made to defendant were not true, but defendant, believing the statements, and believing that the partnership notes were still due to Maggie Gillespie, executed and signed the notes described in the complaint, which were left with plaintiff's attorneys, and were never delivered to Maggie Gillespie, although her name appears from the evidence to be written across the back of each of them. She testified that the in-

dorsements were in her handwriting, but that she did not remember anything about them, either the notes or the indorsements; that she never placed, or authorized anyone else to place, any notes in the hands of any lawyer for collection against defendant. Plaintiff testified that the indorsement on the back of each note, "Maggie Gillespie," was in the handwriting of his sister, Maggie Gillespie. He was asked by defendant's attorneys in cross-examination as to when and where the indorsements were made upon the notes, but to each question so asked the plaintiff's attorneys objected, and the objections were sustained. Defendant was not allowed to show by cross-examination anything as to the indorsements, except what was stated by Maggie Gillespie. No denial was attempted to be made of the fact that plaintiff's attorneys represented to defendant that they were acting for Maggie Gillespie, whereas they were in fact acting for plaintiff. Plaintiff was asked the following question: "Q. At the time that Mr. Salmon was sent for . . . . who owned those partnership notes? A. I presume they were mine."

Counsel for plaintiff stated to the court below during the trial of the case: "I might state during this pause that our position is that it is a matter of indifference whether those notes run payable to Gillespie or not. The law would require us to bring the suit in the name of the real party in interest. The only question here is, Did Mr. Salmon get a consideration for the notes at the time he made them? We say the forbearance of this plaintiff, although he did not state that he owned the notes, to sue on those notes which he had acquired from his sister, was a sufficient consideration for the notes in suit. He may have, and we do not deny that he did, conceal the fact that he had become the real party in interest from Mr. Salmon. We will show why he did, if Mr. Salmon has not already shown it—that he would not have paid the notes had he known that they were in the name of W. W. Gillespie." We are of the opinion that upon the above facts the plaintiff was not entitled to recover. There was no consideration for the execution of the promissory notes. Defendant did not owe Maggie Gillespie anything, and she appears to have been wholly ignorant of the transaction. Plaintiff did not agree to forbear bringing suit upon the partnership notes, but, on the contrary, had told defendant that

his sister owned them. It is evident that Maggie Gillespie, if plaintiff, could not maintain the action because she had already been paid, and there was nothing due her. Plaintiff, by the assignment, took no greater rights, or title, than his assignor had. She having nothing, he took nothing. Nor can the plaintiff be allowed to maintain the action upon the theory that the partnership still owes him. It is evident that when the plaintiff paid Maggie Gillespie and took up the co-partnership notes he was a creditor of the partnership, but as such he could not sue his copartners in an action at law. His remedy was by an action for an accounting and settlement of the partnership affairs. The firm assets, if any, should first have been exhausted, and then, if the assets proved insufficient to pay plaintiff, he might have had a personal judgment against his copartners. The fact, if it be a fact, that defendant is still liable for his portion of the money paid by plaintiff to his sister, cannot relieve plaintiff in this case. If plaintiff could not have procured payment from defendant by a fair and square statement of the facts, he had his right to proceed according to law. He will not· be allowed to deceive defendant, procure notes to a party to whom defendant was not indebted, and thus by such circuitous route accomplish indirectly what he could not have done directly.

The defendant asked the court to instruct the jury: ''You are next to determine whether there was anything owing from the defendant to Maggie Gillespie at the time they [the notes] were taken. If there was nothing owing to her at the time on account of what had been loaned by her to the defendant and others at any time, because she had been fully paid, no matter whether she had been paid by the defendant or by someone else liable with him, then your verdict should also be for the defendant.'' The court refused the instruction, and for the reasons hereinbefore stated such refusal was error.

It was also error for the court to sustain the plaintiff's objections to questions asked of plaintiff in cross-examination as to when and where each of the notes was indorsed. For the purpose of showing the assignment to him, the plaintiff had testified to the handwriting of his sister on the back of the notes. His evidence was directed to proving an assignment of the notes to him. If the facts that he had testified to

proved an assignment, defendant should have been allowed in cross-examination to show that there was no assignment. The question as to when the notes were assigned was material, for the reason that it might have appeared that they were assigned after the action was commenced. The questions as to where the assignments were made might have led to facts showing that they were never assigned, and that the notes were always in the possession of the plaintiff.

The judgment is reversed.

Harrison, P. J., and Hall, J., concurred.